USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/02/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA, :
 :  15-CR-681 (VEC)
-against- :
 :  ORDER
MARTIN LEYVA SALGADO, :
 :
                                Defendant. :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

    WHEREAS on March 18, 2022, Mr. Martin Leyva Salgado, proceeding *pro se*, petitioned for compassionate release pursuant to 18 U.S.C. § 3582(c), Pet., Dkt. 80;

    WHEREAS on March 22, 2022, the Court ordered the Government to respond to Defendant's motion and to file the last two years of Mr. Salgado's medical records as well as his prison disciplinary and education records, Dkt. 81;

    WHEREAS on April 6, 2022, Mr. Salgado provided the Court copies of some of his medical records and education records as well as proof of vaccination, which the Court filed under seal, Dkt. 82;

    WHEREAS on April 29, 2022, the Government filed a letter response in opposition to Mr. Salgado's petition along with the required disciplinary records and education records, Gov. Resp., Dkt. 83;

    WHEREAS, on March 22, 2022, the Court informed Mr. Salgado that if he wished to file a reply, he must do so no later than May 27, 2022, Dkt. 81, and again reminded Mr. Salgado of the reply deadline on April 12, 2022, Dkt. 82;

    WHEREAS, Mr. Salgado did not file a reply;

WHEREAS, Mr. Salgado states, and the Government does not contest, that Mr. Salgado has exhausted his administrative remedies as required by § 3582(c)(1)(A), Pet., Dkt 80 at 1–2; Gov. Resp., Dkt. 83;

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine (i) whether extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), *United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020); *see also United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020);

IT IS HEREBY ORDERED that Mr. Salgado's motion for compassionate release is DENIED.  Mr. Salgado has not demonstrated the existence of an "extraordinary and compelling reason" to reduce his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Salgado contends that the conditions of the COVID-19 pandemic, in combination with the "particularized risks associated with the conditions" of incarceration and his own pre-existing health conditions, amount to an extraordinary and compelling reason for a sentence reduction.  Pet., Dkt. 80 at 2.  In particular, Mr. Salgado alleges that his age of fifty-two years, high blood pressure, and high cholesterol, as well as "other respiratory ailments" subject him to "an incredibly prodigious risk of succumbing to the COVID-19 virus."  *Id.*  The Government, in turn, argues that Mr. Salgado's medical records do not reflect "any particularly serious medical concerns."  Gov. Resp., Dkt. 83 at 3.

The Court finds that even if Mr. Salgado suffers from the health conditions he asserts, these, in combination with increased risks of contracting COVID-19 while incarcerated, do not constitute an extraordinary and compelling reason to reduce his sentence.  There is obviously a greater risk of contracting COVID-19 if one is living in a congregate setting than if one is living

in a single-family home or apartment. Despite the public health challenges inherent in congregate settings, FCI Mendota, where Mr. Salgado is currently incarcerated,[1] appears to be effectively managing the situation: as of the date of this decision, no inmate in that facility is currently testing positive for COVID-19.[2] Furthermore, Mr. Salgado has received two doses of the Pfizer COVID-19 vaccine.[3] *See* Med. R., at 2.

Mr. Salgado also asserts that his "stellar" conduct weighs in favor of granting his petition for compassionate release. Pet., Dkt. 80 at 3. While the Court commends Mr. Salgado's efforts to rehabilitate himself into a "reasonable, decent, and law abiding member of society" and hopes that he will continue his efforts, his representation that he has not "faced any disciplinary action for any transgressions" overstates the truth. *Id.* Mr. Salgado received a disciplinary ticket in 2017, *see* Ex. 1, Dkt. 83-1, but the Court concurs with the thrust of his argument that he appears to be complying with the rules of his institution.

Even if Mr. Salgado had unequivocally demonstrated that he has been rehabilitated[4] and had a spotless disciplinary record, that would not warrant a sentence reduction. Rehabilitation, by itself, "shall not be considered an extraordinary and compelling reason" to reduce a sentence. 28 U.S.C. § 994(t); *see also Brooker*, 976 F.3d at 237–38. To find otherwise would convert the process for obtaining compassionate release into a de facto parole system, through

---

[1] According to the Bureau of Prisons website, Mr. Salgado has been transferred to FCI Mendota from Reeves III, the facility in which he was held at the time he made his motion. *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited August 1, 2022).

[2] *See* Fed. Bureau of Prisons, *Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited August 1, 2022).

[3] There is no indication in the records that Mr. Salgado has received a booster dose of the COVID vaccine. If Mr. Salgado has still not received a booster shot, the Court encourages him to get boosted.

[4] The Court notes that based on his BOP educational records, Mr. Salgado has not participated in any BOP programming since 2020. The Court recognizes that many facilities substantially cut back on programming during the pandemic, but as those restrictions ease, the Court encourages Mr. Salgado to take advantage of the programming available to him to continue to pursue his goal of rehabilitation.

which defendants with good behavior are rewarded with sentence reductions. That was not Congress' intent when it changed the law to allow incarcerated defendants to apply directly to the sentencing judge for a reduction of sentence.

Furthermore, a sentencing reduction would be inconsistent with the relevant section 3553(a) factors, including the need to specifically deter Mr. Salgado from future drug trafficking. This is not Mr. Salgado's first time being imprisoned for drug trafficking. *See* Presentence Rep., Dkt. 79 ¶ 40. In 2008, Mr. Salgado was also convicted of drug trafficking, and the six-year term of imprisonment that he served for that conviction did not deter him from returning to drug trafficking. *See id.* A reduced term of approximately five years of imprisonment is unlikely to accomplish what six years of imprisonment did not.

For those reasons, Mr. Salgado's motion for a sentence reduction is DENIED. The Clerk of Court is respectfully directed to terminate docket entry 80. The Clerk is further directed to mail a copy of this order to Martin Leyva Salgado, Reg. 72744-054, FCI Mendota, Federal Correctional Institution, P.O. Box 9, Mendota, CA 93640.

**SO ORDERED.**

Date:   August 2, 2022
       New York, NY

**VALERIE CAPRONI**
**United States District Judge**